**In re Sharon N. MILLER, Debtor.**

**Sharon N. MILLER, Plaintiff–Appellant,**

**v.**

**Gerald GENTRY, Ph.D. and Micheline Z. Burger, Defendants–Appellees.**

**No. 94–3225.**

United States Court of Appeals, Tenth Circuit.

May 19, 1995.

Jan Hamilton, Hamilton, Peterson, Tipton & Keeshan, Topeka, KS, for plaintiff-appellant.

Micheline Z. Burger, Olathe, KS, for defendants-appellees.

Before HENRY, McKAY, and LOGAN, Circuit Judges.

HENRY, Circuit Judge.

This appeal raises the question of whether guardian ad litem and psychologist fees, incurred in divorce/child custody proceedings and ordered by the state court to be paid in a certain sum by an ex-spouse/parent directly to the guardian ad litem and psychologist, are dischargeable by the ex-spouse/parent in bankruptcy.[1] We affirm the judgment of the district court that these fees are nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(5).

Sharon and Stephen Miller were involved in divorce proceedings before the District Court of Johnson County, Kansas, and that court appointed a guardian ad litem and psychologist (defendants) in connection with the proceedings. The state court entered a Decree Determining Custody, Support, and Division of Assets providing, in relevant part, that Sharon Miller was to pay $2,000.00 to the guardian ad litem toward her fees, and $1,567.00 to the psychologist toward his bill for services. A Journal Entry of Judgment was entered by the state court reflecting that judgment was granted in favor of the guardian ad litem and psychologist and against Sharon Miller in the amounts indicated above. The state court judgment specifically provided that each of those judgments was in the nature of support on behalf of the parties' minor children and, as such, neither were dischargeable in bankruptcy. Thereafter, Sharon Miller filed a petition in bankruptcy and later filed an adversary proceeding, seeking a determination that her debts to defendants were dischargeable.

Ruling on defendants' motion for summary judgment in the adversary proceeding, the bankruptcy court found that it was not bound by either the state court's characterization of the debts as in the nature of support on behalf of the children, or that court's ultimate conclusion that the debts were not dischargeable in bankruptcy. Reaching the merits of the case, the bankruptcy court found that the debts were not owed to a spouse, former spouse, or child of the debtor as required for exception from discharge by the plain language of 11 U.S.C. § 523(a)(5),[2] and that, therefore, the debts were dischargeable in Sharon Miller's bankruptcy.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Section 523(a)(5) of the Bankruptcy Code excepts from discharge any debt
   to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
   (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
   (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

Defendants appealed, and the district court reversed the bankruptcy court's decision. *Miller v. Gentry (In re Miller)*, 169 B.R. 715, 721 (D.Kan.1994). The district court found that this court's decision in *Jones v. Jones (In re Jones)*, 9 F.3d 878 (10th Cir.1993), handed down after the bankruptcy court decision in this case, controlled and compelled the conclusion that the guardian ad litem and psychologist fees were nondischargeable. *Miller*, 169 B.R. at 720, 721.

■ Whether the guardian ad litem and psychologist fees awarded in this case come within the § 523(a)(5) exception to discharge is a question of federal law, which we review de novo. *See Jones*, 9 F.3d at 880. Some general tenets of bankruptcy law are instructive in deciding this issue. The Supreme Court has recently reiterated, with regard to the Bankruptcy Code, that "[w]here the statutory language is clear, [the courts'] sole function ... is to enforce it according to its terms." *Rake v. Wade*, — U.S. —, —, 113 S.Ct. 2187, 2191, 124 L.Ed.2d 424 (1993) (quotations omitted) (third alteration in original). Exceptions to discharge are to be narrowly construed, so as to effect the "fresh start" purpose of bankruptcy. *Jones*, 9 F.3d at 880. The policy underlying § 523(a)(5), however, favors enforcement of familial support obligations over a "fresh start" for the debtor. *Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 722 (10th. Cir.1993). "Further, the objector to discharge has the burden of proving by a preponderance of the evidence that a debt is not dischargeable." *Jones*, 9 F.3d at 880.

■ The bankruptcy court read the plain language of the statute to require that the debt be *to* a spouse, former spouse, or child of the debtor, in order to be excepted from discharge in bankruptcy under § 523(a)(5). *See also Eisen v. Linn (In re Linn)*, 38 B.R. 762, 763 (9th Cir. BAP 1984); *Holliday v. Kline (In re Kline)*, 174 B.R. 525, 527–28 (W.D.Mo.1994); *Hartley v. Townsend (In re Townsend)*, 177 B.R. 902, 904–05 (Bankr. E.D.Mo.1995); *Newmark v. Newmark (In re Newmark)*, 177 B.R. 286, 289 (Bankr. E.D.Mo.1995); *Cooper v. Garcia (In re Garcia)*, 174 B.R. 529, 531 (Bankr.W.D.Mo.1994).

■ We are bound, however, by the precedent established by prior panels of this court; "[w]e cannot overrule the judgment of another panel of this court." *In re Smith*, 10 F.3d 723, 724 (10th Cir.1993) (per curiam), *cert. denied*, — U.S. —, 115 S.Ct. 53, 130 L.Ed.2d 13 (1994). In reversing the bankruptcy court's decision, the district court found that our opinion in *Jones* constituted controlling precedent and that *Jones* dictated that the debts in this case were nondischargeable. We must also examine *Jones* to determine whether it controls the disposition of this case and compels the outcome reached by the district court.

The factual scenario in *Jones* involved a mother who was ordered by the state court to pay the father's attorney's fees incurred in custody modification proceedings. The mother declared bankruptcy, and this court held that her debt for the father's attorney's fees was nondischargeable under § 523(a)(5). The analysis focused entirely upon whether the debt was in the nature of support. We held that it would be inappropriate to require a bankruptcy court to determine the purpose of the custody action and that "in all custody actions, the court's ultimate goal is the welfare of the child." *Jones*, 9 F.3d at 881. Given that premise, we broadly interpreted the term "support" as used in § 523(a)(5) to conclude that "court-ordered attorney's fees arising from post-divorce custody actions are deemed in the nature of support under § 523(a)(5) as being incurred on behalf of the child," and that, therefore, the debt was nondischargeable. *Id.* at 881–82.

We recognize that *Jones* does not address the precise issue presented by this case. In fact, it is not readily apparent from *Jones* whether the state court ordered the mother to pay the attorney's fees directly to the attorney or to the father. We note, however, that the father's attorney is listed in the caption of *Jones* as a plaintiff-appellee, possibly indicating that the court ordered the mother to pay the fees to the attorney. *Cf. O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears v. Perlin (In re Perlin)*, 30 F.3d 39, 42 (6th Cir.1994) (holding that attorneys lacked standing to contest dischargeability of fee award because debtor

owed debt for fees to former spouse, not attorneys). *Jones* does not acknowledge the statutory language requiring that a debt be "to a spouse, former spouse, or child of the debtor" in order to be nondischargeable under § 523(a)(5).

■ We conclude that, even though it does not address the precise issue with which we are presented here, this court's opinion in *Jones* controls the case before us and compels the conclusion that the debts Sharon Miller was ordered to pay to defendants are not dischargeable in bankruptcy under § 523(a)(5). In reaching that conclusion, we adhere to the interpretation of § 523(a)(5) by this court in *Jones,* where the emphasis was placed on the determination of whether a debt is in the nature of support, rather than on the identity of the payee. *Jones,* 9 F.3d at 881–82. Specifically, *Jones* instructs that

"11 U.S.C. § 523(a)(5) should be read as using the term 'support' in a realistic manner; the term should not be read so narrowly as to exclude everything bearing on the welfare of the child but the bare paying of bills on the child's behalf.

Since determination of child custody is essential to the child's proper 'support,' attorney fees incurred and awarded in child custody litigation should likewise be considered as obligations for 'support,' at least in the absence of clear indication of special circumstances to the contrary."

*Id.* at 881 (quoting *Holtz v. Poe (In re Poe),* 118 B.R. 809, 812 (Bankr.N.D.Okla.1990)). Indeed, debts to a guardian ad litem, who is specifically charged with representing the child's best interests, and a psychologist hired to evaluate the family in child custody proceedings, can be said to relate just as directly to the support of the child as attorney's fees incurred by the parents in a custody proceeding.

This court is not alone in its interpretation of § 523(a)(5). At least one circuit court has addressed this specific issue. The Second Circuit held in *Pauley v. Spong (In re Spong),* 661 F.2d 6 (2d Cir.1981), that to hold a debt dischargeable simply because the

money was payable to someone other than the spouse, would be to put form over substance, in contravention of established bankruptcy law. *Id.* at 9.[3] Similarly, several recent bankruptcy court opinions have specifically rejected a strict plain language interpretation of § 523(a)(5) and have held that it is the nature of the debt owed that determines its dischargeability, not the identity of the payee. *See Catalona v. Holdenried (In re Holdenried),* 178 B.R. 782, 785–86 (Bankr. E.D.Mo.1995); *Brown v. Brown (In re Brown),* 177 B.R. 116, 118–119 (Bankr. M.D.Fla.1994); *Sweck v. Sweck (In re Sweck),* 174 B.R. 532, 536 & n. 5 (Bankr. D.R.I.1994).

In addition, several cases that, like *Jones,* focus the analysis on the nature of the debt rather than the identity of the payee, have held fees incurred in divorce or child custody proceedings to be nondischargeable. Some of the cases identify whether the state court ordered the fee paid to a former spouse or to a third party, but some do not. The implication in all of them, however, is that form should not be placed over substance and that it is the nature of the debt that controls, not the identity of the payee. *See Joseph v. J. Huey O'Toole, P.C. (In re Joseph),* 16 F.3d 86 (5th Cir.1994); *Dvorak v. Carlson (In re Dvorak),* 986 F.2d 940 (5th Cir.1993); *Peters v. Hennenhoeffer (In re Peters),* 964 F.2d 166 (2d Cir.1992); *Silansky v. Brodsky, Greenblatt & Renehan (In re Silansky),* 897 F.2d 743 (4th Cir.1990); *Williams v. Williams (In re Williams),* 703 F.2d 1055 (8th Cir.1983).

Guided by this court's decision in *Jones,* and recognizing the weight of authority from other circuits, we hold that Sharon Miller's debts to defendants are nondischargeable in bankruptcy under § 523(a)(5). We, therefore, AFFIRM the judgment of the district court.

---

**3.** We note, however, that the dissent in *Spong* and at least one bankruptcy court have questioned the reliability of the legislative history interpretation by the *Spong* majority. *Spong,* 661 F.2d at 11 (Lumbard, J., dissenting); *see also Kline,* 174 B.R. at 528.