**In re Sami D. ALARURI, Debtor.**

**Casey D. CLOYD, Plaintiff,**

v.

**Sami D. ALARURI, Defendant.**

**Bankruptcy No. 95–5554–RLB–7.
Adversary No. 96–450.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Dec. 4, 1997.

Sami D. Alaruri ("Debtor") filed a petition under Chapter 7 on July 25, 1995. The Creditor filed the complaint ("Complaint") that initiated this adversary proceeding on November 1, 1996.

Prior to the bankruptcy filing, the marriage of the Debtor and his former spouse, Elizabeth Hepola ("Ms. Hepola"), was dissolved. The dissolution court appointed the Creditor to serve as *guardian ad litem* for the parties' son, Tarek ("Tarek"). The Debtor and Ms. Hepola were ordered to each pay one-half of the *guardian ad litem* fees incurred on behalf of Tarek.

The Creditor alleges in the instant Motion for Summary Judgment that he is owed *guardian ad litem* fees totaling $1,014.98 by the Debtor.[2] The Creditor further alleges that the fees he is owed are non-dischargeable pursuant to 11 U.S.C. Section 523(a)(5), because they are in the nature of child support.

Section 523(a)(5) provides in relevant part as follows:

> (a) A discharge under section 727 ... does not discharge an individual from any debt—
>
> ....
>
> (5) to a ... child of the of the debtor, for ... support of such ... child, in connection with a separation agreement, divorce decree or other order of a court of record....

At least two circuit courts of appeal have held that *guardian ad litem* fees are in the nature of child support, and are non-dischargeable pursuant to Section 523(a)(5). *In re Miller,* 55 F.3d 1487 (10th Cir.1995); *Matter of Dvorak,* 986 F.2d 940 (5th Cir. 1993). As the 10th Circuit stated in *Miller,*

Casey D. Cloyd, Brooke & Cloyd, Muncie, IN, for Plaintiff.

Max D. Rynearson, Rynearson & Associates, Indianapolis, IN, for Defendant.

### *ENTRY ON MOTION FOR SUMMARY JUDGMENT*

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Motion for Summary Judgment ("Motion for Summary Judgement"), filed by Casey D. Cloyd ("Creditor") on October 23, 1997, and on the affidavit by the Creditor ("Affidavit"), attached as an exhibit to the Motion for Summary Judgment.[1]

1. On October 27, 1997, a notice of the Motion for Summary Judgment was sent to counsel for the Debtor, requiring that any response to the Motion for Summary Judgment be filed within 15 days of the notice. To date, the Debtor has not filed a response to the Motion for Summary Judgment.

2. In the Motion for Summary Judgment, the Creditor alleges that he is owed $1,120.00 by the Debtor. The figure set out by the Creditor in his Affidavit is different; in the Affidavit, the Creditor states that he is owed $1,014.98 by the Debtor. The dissolution court orders attached to the Creditor's Affidavit indicate that a third sum is owed by the Debtor to the Creditor, *i.e.,* $1,059.75 ($1,198.00 + $570.00 + $351.50, with the total divided by two). Given the discrepancy among the figures supplied to the Court, the Court will use the figure alleged by the Creditor in his Affidavit, $1,014.98.

the emphasis should be placed on whether the debt in issue relates to the welfare of the child.

> '11 U.S.C. [Section] 523(a)(5) should be read as using the term 'support' in a realistic manner; the term should not be read so narrowly as to exclude everything bearing on the welfare of the child but the bare paying of bills on the child's behalf.'

*Miller,* 55 F.3d at 1490 (quoting *In re Jones,* 9 F.3d 878 (10th Cir.1993)).

The Court has been presented with no facts to cause it to deviate from the precedent established by the Tenth Circuit and the Fifth Circuit in *Miller* and *Dvorak.* Accordingly, the Court holds that the *guardian ad litem* fees in issue here are in the nature of child support, and are non-dischargeable pursuant to Section 523(a)(5).

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the *guardian ad litem* fees in the amount of $1,014.98, owed by the Debtor to the Creditor, are hereby DECLARED to be non-dischargeable pursuant to 11 U.S.C. Section 523(a)(5), as being in the nature of child support.