**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: ALGIN T. BISHOP,
<u>Debtor.</u>

KELLY A. STARK,

No. 97-2151

<u>Plaintiff-Appellee,</u>

v.

ALGIN T. BISHOP,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-97-400-L, AP-95-5022, BK-94-57265)

Argued: May 8, 1998

Decided: June 18, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and
TRAXLER, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Arthur Pavlinic, Annapolis, Maryland, for
Appellant. Kenneth Louis Crosson, Reston, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Algin T. Bishop ("Bishop") challenges the determination of the district court that he is not entitled to a discharge in bankruptcy of the guardian ad litem fees he was ordered to pay by a Tennessee court in connection with a divorce and custody action. We agree with the district court and affirm.

I.

After initiating a divorce action, Bishop became entangled in a custody battle over his adopted daughter Morgan with his former spouse -- Morgan's natural mother. During the course of the proceedings, Bishop's spouse charged that Bishop had molested Morgan. With the approval of the parties, the state court appointed appellee Kelly A. Stark ("Stark") to serve as attorney ad litem for Morgan and to make a custody recommendation to the court. Stark was directed "to thoroughly investigate the issues of this case" and then "report to the Court her findings as to the best interests of the child." J.A. 14. Ultimately, Stark filed a report with the court charging that "while Mr. Bishop presents himself well, he is a sex abuser, and either has already sexually abused Morgan, or has great potential for doing so." J.A. 17. Stark recommended against Bishop having custody of or even contact with Morgan. The Tennessee state court granted Bishop and his spouse a divorce, and awarded custody to Morgan's maternal grandmother, a resident of Maryland. The court further ordered Bishop to pay child support for Morgan, Stark's fees of $10,815 for her work as attorney ad litem, and fees for psychological testing of Morgan. Bishop consented to the court's order and did not pursue an appeal.

Following the custody litigation in Tennessee, jurisdiction of custody issues involving Morgan was transferred to state circuit court in

2

Baltimore County, Maryland, where Morgan's maternal grandmother sought to retain temporary custody and requested that the court appoint a substitute attorney ad litem, alleging that Stark did not act in Morgan's best interest and disputing that Bishop had molested Morgan. After moving to Maryland, Bishop eventually obtained sole custody of Morgan. Stark's fees, however, remained unpaid and she domesticated in Maryland the Tennessee judgment ordering Bishop to pay her fees.

Subsequently, Bishop filed a Chapter 7 bankruptcy petition for discharge of a number of debts including the attorney ad litem fees he had been ordered to pay Stark. In response, Stark brought this adversary proceeding, seeking a declaration that the fees owed to her by Bishop constituted a nondischargeable debt from which Bishop was not entitled to relief. See 11 U.S.C.A.§ 523(a)(5) (West 1993 & Supp. 1998). The bankruptcy court concluded that the debt was not dischargeable because the award of fees was in the nature of support for the child, and the district court affirmed. We review the bankruptcy court's factual determinations for clear error, while we review questions of law de novo. See Loudoun Leasing Dev. Co. v. Ford Motor Credit Co. (In re K & L Lakeland, Inc.), 128 F.3d 203, 206 (4th Cir. 1997).

II.

A chief purpose of the bankruptcy code is to afford a "fresh start" to an "honest but unfortunate debtor," allowing him to begin anew without the burden of insolvency. Grogan v. Garner, 498 U.S. 279, 286-87 (1991) (internal quotation marks omitted). Therefore, generally speaking, a discharge under Chapter 7 relieves the debtor of "all debts that arose before the date of the order for relief." 11 U.S.C.A. § 727(b) (West 1993). The strong policy in favor of a "fresh start," however, does not extend to every type of debt; in certain limited circumstances, the debtor's interest in a "fresh start" yields to the creditor's interest in collecting the debt. See Grogan, 498 U.S. at 287. Congress has enumerated various kinds of debts that are not subject to discharge in bankruptcy, among them familial support obligations. See 11 U.S.C.A. § 523(a)(5). The statutory text is relatively straightforward:

3

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt--

...

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that--

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise ...; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C.A. § 523(a)(5). Stark, as the party challenging the dischargeability of the debt, shoulders the burden of proving that the debt is not subject to discharge. See Grogan, 498 U.S. at 287.

Bishop's primary complaint is that Stark incompetently performed her duties as attorney ad litem for Morgan, making a custody recommendation that was not in Morgan's best interest. Apparently, Bishop believes that his debt to Stark is "in the nature of support," and therefore nondischargeable under section 523(a)(5), only if Stark actually acted in the best interest of the child. Cf. Miller v. Gentry (In re Miller), 55 F.3d 1487, 1490 (10th Cir. 1995) (holding that debts to a guardian ad litem are in the nature of child support in part because the guardian is obligated to help the court determine the custody arrangement that is in the best interest of the child). Thus, Bishop would have the bankruptcy court revisit the question of what was in Morgan's best interest and make an independent determination of this issue -- an issue long resolved by the Tennessee family court with Bishop's

4

consent. He argues that if the bankruptcy court reaches an independent conclusion that the guardian ad litem did not act in the best interest of the child, then a fortiori an award of fees is not in the nature of support.

We find no merit in this argument. The statute in no way requires (or even permits) the bankruptcy court to conduct what would essentially be another custody hearing that would likely involve lengthy testimony, onerous fact-finding by the court and troublesome domestic law issues much more tailored to state family courts than federal bankruptcy courts. The task of the bankruptcy court is relatively simple: it must determine whether the debt is owed to a "child of the debtor, for ... support of such ... child, in connection with a separation agreement, divorce decree or other order of a court of record" but only to the extent that "such liability is actually in the nature of alimony, maintenance, or support." 11 U.S.C.A. § 523(a)(5)(B). The text of the statute simply does not suggest that the bankruptcy court must determine that the debt was actually incurred "in the best interest of the child" before it is deemed nondischargeable under section 523(a)(5). Bankruptcy courts are not in the business of second-guessing family court decisions or making custody-type determinations. Clearly, the bankruptcy judge is to be concerned with what the state court actually ordered and not with what the state court should have ordered.

We conclude that the Tennessee court's order imposed a debt upon Bishop that was in the nature of child support. Although Bishop is not indebted directly to his child, see 11 U.S.C.A. § 523(a)(5) ("A discharge under section 727 ... does not discharge an individual debtor from any debt ... to a spouse, former spouse, or child"), the identity of the payee under this section is not determinative of whether the debt is dischargeable, see Silansky v. Brodsky, Greenblatt & Renehan (In re Silansky), 897 F.2d 743, 744 (4th Cir. 1990) (per curiam) (holding that debt owed directly to former spouse's attorneys was nondischargeable); see also In re Miller, 55 F.3d at 1490. Instead, the question under section 523(a)(5) is simply whether the award of fees was in the nature of support to the debtor's child. See Long v. West (In re Long), 794 F.2d 928, 930 (4th Cir. 1986); see also Holliday v. Kline (In re Kline), 65 F.3d 749, 751 (8th Cir. 1995). As attorney ad litem for Morgan, Stark was specifically directed "to report to the

5

Court her findings as to the best interests of the child." J.A. 14. The court's clear purpose in appointing Stark was to determine who could best care for Morgan; Stark's investigation and subsequent report were intended for Morgan's benefit and support. Indeed, "in all custody actions, the court's ultimate goal is the welfare of the child." Jones v. Jones (In re Jones), 9 F.3d 878, 881 (10th Cir. 1993). We conclude that the bankruptcy court did not err in finding that the award of attorney ad litem fees to Stark in connection with the parties' divorce decree constituted "support" within the meaning of section 523(a)(5) and was not subject to discharge in bankruptcy. And, we note that our conclusion is in accord with other circuit courts of appeal that have considered this issue. See, e.g., In re Miller, 55 F.3d at 1490; Dvorak v. Carlson (In re Dvorak), 986 F.2d 940, 941 (5th Cir. 1993); Peters v. Hennenhoeffer (In re Peters), 964 F.2d 166, 167 (2d Cir. 1992) (per curiam), aff'g, 133 B.R. 291, 296-97 (S.D.N.Y. 1991).

Accordingly, we affirm the decision of the district court.

AFFIRMED

6