**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FEB 1 1999**

**TENTH CIRCUIT**

MARK WESLEY KELLEY,

      Petitioner-Appellant,

v.

RON WARD,

      Respondent-Appellee.

No. 98-5176

(D.C. No. 97-CV-1007-B)

(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

Petitioner Mark Wesley Kelly seeks a certificate of appealability to appeal the

district court's order dismissing his § 2254 petition for a writ of habeas corpus as

untimely under 28 U.S.C. § 2244(d)(1). Petitioner contends that application of the one-

year statute of limitations in § 2244 constitutes an unconstitutional suspension of the writ

under U.S. Const. Art. I, § 9, cl. 2. He also contends that we should reconsider our recent

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

decision in <u>Hoggro v. Boone</u>, 150 F.3d 1223 (10th Cir. 1998), wherein we set forth the proper method of calculating the limitations period under § 2244.

Both arguments are foreclosed. The rule is well established in this circuit that one panel of the court cannot overrule another panel of the court. We are bound by the precedent established by a prior panel. <u>E.g.</u>, <u>In re Miller</u>, 55 F.3d 1487, 1489 (10th Cir. 1995). Thus, we have no occasion absent en banc review to reconsider our decision in <u>Hoggro</u>. Furthermore, we have previously held that, absent special circumstances not present in this case, the one-year limitation on filing a first habeas petition does not violate the Constitution's Suspension Clause. <u>Miller v. Marr</u>, 141 F.3d 976, 977-78 (10th Cir.), <u>cert. denied</u>, 119 S. Ct. 210 (1998).

Accordingly, we agree with the district court substantially for the reasons stated in its order of dismissal that the instant petition is time-barred.

APPLICATION FOR A CERTIFICATE OF APPEALABILITY DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

2