**Edward D. VANOVER, Plaintiff,**

v.

**Stephanie J. COOK, f/k/a/ Stephanie J. Vanover, and Robert D. Hecht, and Scott, Quinlan & Hecht, Law Partnership, Defendants.**

No. 98–4166–DES.

United States District Court,
D. Kansas.

Oct. 8, 1999.

Carl A. Gallagher, McAnany, Van Cleave & Phillips, Kansas City, MO, James E. Rumsey, Lawrence, KS, for Plaintiff.

Robert D. Hecht, Scott, Quinlan & Hecht, Topeka, KS, for Stephanie J. Cook.

Robert D. Hecht, Scott, Quinlan & Hecht, Topeka, KS, James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, KS, for Robert D. Hecht, Scott, Quinlan & Hecht, Law Partnership.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion for sanctions under Federal Rule of Civil Procedure 11 (Doc. 57). The court has reviewed the parties' factual and legal submissions and is ready to rule.

## I. BACKGROUND

The defendants garnished $71,028.01 of plaintiff's money to collect past due child support and alimony. The plaintiff disputed the amount garnished, and a state court found that the plaintiff actually owed $53,-646.82. The defendant over-garnished $17,000. On September 23, 1998, plaintiff filed this action in federal court for wrongful garnishment.

On October 22, 1998, the defendants filed a motion to dismiss (Doc. 5). The court agreed with defendants that the wrongful garnishment action was in the nature of a malicious prosecution and that the underlying action had not terminated in favor of the plaintiff. Therefore, the court dismissed the action on September 3, 1999 (Doc. 80). In defendants' motion for sanctions, they argue the underlying action is frivolous and contains false statements which are the result of an insufficient pre-filing inquiry. The defendants request that the court impose sanctions, award attorney's fees, and other appropriate relief.

## II. DISCUSSION

■ Rule 11 of the Federal Rules of Civil Procedure states that when a party or attorney presents to a court a pleading, motion or other paper, that party or attorney is certifying that to the best of their knowledge, information and belief, formed after a reasonable inquiry into the facts, that:

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed.R.Civ.P. 11(b). Rule 11(c) grants the court discretionary authority to issue appropriate sanctions for violations of Rule 11(b). Fed.R.Civ.P. 11(c) (stating the court *may* impose sanctions if it finds a violation of subdivision (b)). To avoid sanctions, the attorney's conduct must be objectively reasonable under the circumstances. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir.1990); *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir.1988).

■ Although the court dismissed the action finding that wrongful garnishment was in the nature of a malicious prosecution action and the underlying action had not terminated in favor of the plaintiff (Memorandum and Order dated September 3, 1999) (Doc. 80), the court does not believe plaintiff's claims are unreasonable. Other jurisdictions have used the term "abuse of process" to refer to wrongful garnishment. Kansas case law is not specific as to whether a wrongful garnishment is in the nature of abuse of process or malicious prosecution. Where the law is arguably unclear, Rule 11 sanctions should not be imposed. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir.1993). While this court found more support for the malicious prosecution theory, it was not unreasonable or frivolous to argue abuse of process. Under an abuse of process theory, the action was brought within the two year statute of limitations.

Based on these findings, Rule 11 sanctions are not applicable for a failure to make a reasonable inquiry into the applicable law surrounding the wrongful garnishment claim.

The defendants also accuse the plaintiff of failing to make a pre-filing inquiry. In the complaint, the plaintiff alleges:

> In order to obtain the Court's approval of Plaintiff's supersedes bond to have his appeal of the trial court's decision and prevent Defendants from being paid all Plaintiff's wrongfully garnished money, the trial court adamantly suggested Plaintiff to authorize the distribution of $21,800.00 of the garnished funds in March, 1998.

The theory that the plaintiff's partial payment was not voluntary was furthered in plaintiff's response to defendants' motion to dismiss.

The defendants argue that the payment was voluntary and not the result of coercion by the trial court. They claim that plaintiff's counsel suggested in a telephone conversation on March 10, 1998, that his client pay $21,800 from the garnished funds. In his sworn affidavit, Judge Van Z. Hampton agreed stating,

> I informed [attorneys] it was my opinion that K.S.A. 60–2103(d) gives the court discretion whether to distribute garnished funds up to the amount of the judgment or stay distribution until the appeal is concluded and I recall it was not me but rather [plaintiff's attorney] who proposed the partial distribution of $21,800.00, and a stay of distribution of the remainder, in an apparent effort to resolve the distribution of funds issue.

The judge admitted the proposed distribution was an effort to resolve the issue. This effort could be due to the statement made by the judge on February 27, 1998: "There is a question as to the amount that may be distributed, if any, if an appeal is taken. And, it appears to me that there should be some distributed from the Clerk of the Court, and I think both [attorneys] ought to have an opportunity to address that." This statement could reasonably be categorized as a "adamant suggestion." The plaintiff may dispute that his actions were voluntary without being subject to sanctions. The plaintiff's attorney made a sufficient pre-filing inquiry, and the statements should not be the subject of Rule 11 sanctions.

Rule 11 sanctions are within the discretion of the court. After considering all the arguments raised in the defendants' motion for sanctions, the court does not find that sanctions are warranted in this case.

**IT IS BY THE COURT THEREFORE ORDERED** that defendant's motion for sanctions under Rule 11 (Doc. 57) is denied.