**IN RE: John Eugene NOTARY, Debtor.**

**Case No. 13–12382 HRT**

United States Bankruptcy Court,
D. Colorado.

Signed March 15, 2016

Nicholas Craig Horvath, Littleton, CO, for Debtor.

Herbert A. Delap, Catherine A. Hildreth, Lauren E. Tew, Denver, CO, Mi-

chael C. Payne, Ft. Collins, CO, for Creditor.

Joli A. Lofstedt, Louisville, CO, for Trustee.

Joanne C. Speirs, Denver, CO, for U.S. Trustee.

## ORDER ON REMAND MOTION

Howard R. Tallman, Judge, United States Bankruptcy Court

This case comes before the Court on *Motion of Judgment Creditors Richard Daily and Michael Makaroff for Order Remanding to State Court the Various Proceedings Purportedly Removed to this Court, and (b) Abstaining from Exercising Jurisdiction in Connection with Such Removed Proceedings, While (c) Retaining Jurisdiction to Consider the Entry of Entering* [sic] *Punitive Sanctions Pursuant to Rule 9011,* FED. R. BKR. P ROC. (docket # 150) ("Remand Motion") and the Debtor's *Ex-parte Motion for Order to Show Cause and in Reply to Creditors Motion of Remand, Regarding Michael V. Makaroff, dba Michael Makaroff, LLC and Richard W. Daily, dba Richard Daily, LLC. Title 11 U.S.C. § 524(a) Sanctions under Title 11 U.S.C. § 105* (docket # 151) (the "Sanctions Motion").

## I. FACTUAL BACKGROUND

Michael Makaroff and Richard Daily (collectively, the "Attorneys") are attorneys who hold judgments against the Debtor that derive from their representation of Svetlana Notary in a state court domestic proceeding. Mr. Makaroff holds a judgment for $2,442.00 which was entered on July 7, 2011, by the Adams County, Colorado, District Court in Case No.2008DR000864. Mr. Makaroff also holds a second judgment in the amount of $3,800.00, which was entered in the same case on September 13, 2015. On the same

date and in the same case, judgment entered against the Debtor and in favor of Mr. Daily for the amount of $5,991.00. Those judgments are secured by judgment liens (collectively, the "Judgment Liens").

On February 21, 2013, Debtor filed this bankruptcy case. He was granted a discharge of dischargeable pre-petition debts on June 20, 2013. On March 17, 2014, the chapter 7 trustee filed her Report of No Distribution, reporting that the estate had been fully administered and that administration of the estate resulted in no distribution of assets to creditors.

On May 29, 2015, Debtor filed a motion in this Court under 11 U.S.C. § 522(f) seeking to avoid the Judgment Liens on grounds that the Judgment Liens impaired his homestead exemption. An essential element with respect to whether and to what extent § 522(f) permits a lien to be avoided on grounds of exemption impairment is the Court determination of the value of the exempt property. The Court set a discovery schedule to posture Debtor's § 522(f) motion for hearing.

Debtor failed to cooperate with discovery and the Court entered an order compelling discovery and awarding sanctions on account of Debtor's failure to cooperate. Thereafter, the Debtor filed notices of withdrawal of his § 522(f) motions. The Court construed Debtor's notices as motions seeking leave of Court to dismiss the § 522(f) motions. After considering responses from Svetlana Notary, joined by the Attorneys, the Court ordered the Debtor to show cause why his § 522(f) motions should not be denied with prejudice in addition to other sanctions. Following the Debtor's response, on November 24, 2015, the Court entered its order denying the Debtor's § 522(f) motions with prejudice. The Court declined to impose further conditions or sanctions. Thus the validity of the Judgment Liens was unaf-

fected by the discharge of debts that the Court entered in the Debtor's bankruptcy case.

Debtor has removed two state court cases to this Court: 1) Adams County, Colorado, District Court Case No. 08DR864 (the "Adams County Case") and 2) Weld County, Colorado, District Court Case No.2015–CV–182 (the "Weld County Case") (collectively, the "State Court Cases"). On January 7, 2016, Debtor filed his *Notice of Removal Under 28 USC § 1446(a) and BKR Rule § 9027* (docket # 148) removing Adams County Case to this Court (the "Adams County Removal"). On January 11, 2016, Debtor filed his *Notice of Removal under 28 U.S.C. § 1446(a) and BKR Rule § 9027* (docket # 149) removing Weld County Case to this Court (the "Weld County Removal"). Thereafter, the Attorneys filed their Remand Motion.

Debtor's Sanctions Motion alleges that the Attorneys are in violation of the discharge injunction, 11 U.S.C. § 524(a), and seeks an award of sanctions for the alleged violation. To his Sanctions Motion, the Debtor appends the following:

1. Motion by Judgment Creditor Richard W. Daily for the Issuance of a Writ of Execution, filed on December 9, 2015, in the Adams County Case.
2. Motion by Judgment Creditor Michael V. Makaroff for the Issuance of a Writ of Execution, filed on December 9, 2015, in the Adams County Case.
3. Permanent Orders, entered on February 19, 2009, *nunc pro tunc* December 18, 2008, in the Adams County Case.
4. Award of Attorney Fees, entered on September 18, 2013, in the Adams County Case.
5. Letter dated January 30, 2015, from Richard W. Daily to John Notary.

6. Letter dated December 23, 2015, from Richard W. Daily to Charleton Jeffrey.

The Attorneys' applications for writs of execution request the Adams County District Court to "issue a Writ of Execution . . . to permit the Sheriff of Weld County, Colorado to levy upon the Property [described as "located at 16541 Weld County Rd 33, Platteville, Colorado"] and for such other and further relief as the Court deems proper under the circumstances of this case."

The Attorneys motions clearly reveal that they are engaged in post-judgment collection activities and are seeking to collect their judgments exclusively by means of execution on the Debtor's real property in Weld County. The issues in the Weld County Case focus on the interests, if any, of Charleton Jeffrey with respect to the real property and upon the Debtor's entitlement to claim a homestead exemption.

## II. DISCUSSION

Debtor alleges that the Attorneys are violating the discharge injunction. He confuses that allegation with the substance of the pending State Court Cases and the concept of removing state court cases to the federal courts. These are very separate issues and the Court must address them separately.

### A. Removal

Although the Debtor does not reference the bankruptcy removal statute, 28 U.S.C. § 1452, the Debtor's removals do not refer to any basis of federal jurisdiction other than bankruptcy jurisdiction and he does reference FED. R. BANKR. P. 9027, the rule that addresses removal of state court actions that are related to pending bankruptcy cases using the authority of under 28 U.S.C. § 1452.

■ Section 1452 not only operates to permit removal of bankruptcy related cases from a state court to a federal court with proper jurisdiction, it also addresses remand of such cases after removal. With respect to remand, it provides as follows:

The court to which such claim or cause of. action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452(b).

■ In addition, although there is some disagreement in the case law, "[t]he majority of courts ... hold that abstention is applicable to removed cases." *In re Midgard Corp.*, 204 B.R. 764, 774 (10th Cir. BAP 1997). Thus, the Court will consider remand to the state courts under the abstention provisions in 28 U.S.C. § 1334(c).

### 1) Mandatory Abstention under 28 U.S.C. § 1334(c)(2)

■ Under § 1334(c), in some cases, the federal courts are under a mandatory duty to abstain from hearing certain state law disputes that are related to a cases pending under the bankruptcy code:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. §§ 1334(c)(2).

■ The Court has reviewed the Debtor's removals and concludes that remand of both cases is mandatory under 28 U.S.C. § 1334(c)(2). "Mandatory abstention applies when all of the following elements are present: (1) the motion to abstain was timely; (2) the action is based on state law; (3) an action has been commenced in state court; (4) the action can be timely adjudicated in state court; (5) there is no independent basis for federal jurisdiction other than bankruptcy; (6) the matter is non-core." *In re Telluride Income Growth, L.P.*, 364 B.R. 390, 398 (10th Cir. BAP 2007) (citing *In re Midgard Corp.*, 204 B.R. at 779).

### (1) Timely Motion

The Court finds that the Remand Motion was timely filed. It was filed just one week following Debtor's filing of the Adams County Removal and three days following the Weld County Removal.

### (2) The Actions are Based on State Law

The state court actions involve strictly state law matters and the Court finds that this requirement is met. The Attorneys are both holders of judgments entered against the Debtor in the Adams County Case. The current activity in the Adams County Case is focused on the Attorneys' efforts to obtain post-judgment relief to collect on their judgments. The issues raised in the Weld County Case involve the Debtor's entitlement to a homestead exemption and the rights, if any, of one Charleton Jeffrey in the Debtor's Weld County property. Thus, both of the State Court Cases concern the efforts of the Attorneys to execute on their judgments

and involve exclusively state law issues. They involve no federal law claims.

### (3) The Actions Were Originally Commenced in State Court

The Adams County Case is a domestic action commenced in 2008, long before Debtor filed his bankruptcy case. The Weld County case is relatively new and was originally commenced in Weld County on December 9, 2015, by the Attorneys.

### (4) Timely Adjudication

■ The Court must find that the state court is capable of providing a timely adjudication of the controversies. "[T]his factor does not involve considerations of whether the case may or may not be more quickly resolved out of State Court.... Instead, the question is whether the proceeding can be 'timely adjudicated' in State Court." *Ritchie Capital Mgt., L.L.C. v. Opportunity Fin., L.L.C.*, 511 B.R. 603, 609 (D.Minn.2014) (citing *In re Exide Tech.*, 544 F.3d 196, 218 n. 14 (3d Cir.2008)).

■ Timeliness is a relative matter and the focus is on whether "allowing a case to proceed in state court will adversely affect the administration of a bankruptcy case."

*In re Midgard Corp.*, 204 B.R. at 778. This factor needs little discussion. This is a liquidation case under chapter 7 and the chapter 7 trustee has fully completed her administration of the case. Given that the case has been fully administered the Court finds that allowing the removed cases to be adjudicated in the state courts cannot interfere with administration of the Debtor's bankruptcy case.

### (5) No Independent Basis for Federal Jurisdiction Other than Bankruptcy Jurisdiction under 28 U.S.C. § 1334.

■ This element is satisfied. The State Court Cases present no federal questions and there appears to be no diversity of citizenship. The information contained in the Remand Motions and the Debtor's response persuades the Court that no independent basis of federal jurisdiction exists over these state law proceedings.[1]

### (6) The Matters are Non–Core

■ "Core proceedings are proceedings which have no existence outside of bankruptcy." *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir.1990) (citing *In re Alexander*, 49 B.R. 733, 736 (Bankr.D.N.D. 1985)). "Actions which do not depend on

---

1. The Court's discussion of § 1334(c) abstention assumes that § 1334(b) confers federal jurisdiction over the State Court Cases in the first instance as cases that are "related to" the Debtors' bankruptcy case. In truth, that is a dubious proposition. The minimum standard for the exercise of federal bankruptcy jurisdiction under § 1334(b) is "related to" jurisdiction.

 "[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, lia-

bilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate. *Gardner v. U.S. (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir.1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted)) (citing *Pacor*, 743 F.2d at 994; *In re Wood*, 825 F.2d 90, 93 (5th Cir.1987); *In re Dogpatch U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir.1987); *In re Bobroff*, 766 F.2d 797, 802 (3d Cir.1985)). This case has been fully administered. It is, therefore, difficult for the Debtor to argue that the outcome of the State Court Cases "could conceivably have any effect on the estate being administered in bankruptcy." *Pacor*, 743 F.2d at 994.

the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." *Id.* (citing *In re Wood,* 825 F.2d 90, 96 (5th Cir.1987). The removed proceedings are not core matters under federal bankruptcy law. The judgment creditors seek to enforce Judgment Liens that stem from judgments entered by the state courts where the removed actions were pending prior to removal.

As the above discussion makes clear, this Court must abstain from hearing these matters under 28 U.S.C. § 1334(c)(2).

### 2) Discretionary Abstention under 28 U.S.C. § 1334(c)(1)

Even if abstention were not mandatory under the facts of this case, the Court would exercise its discretion under 28 U.S.C. § 1334(c)(1) and would abstain from hearing the State Court Cases. Section 1334(c)(1) provides that:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

 The federal courts' duty of comity to the state courts is the focus of discretionary abstention. As a general matter, comity is the respect owed by one political subdivision to honor the legislative, executive or judicial acts of other political subdivisions. Comity is a

a "vital consideration" the Supreme Court has defined as "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state govern-

ments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."

*KSJ Development Co. of Louisiana v. Lambert,* 223 B.R. 677, 680 (E.D.La.1998) (quoting *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)).

 In the case of *Lucre Management Group, LLC, v. Schempp Real Estate, LLC,* 303 B.R. 866 (Bankr.D.Colo. 2003), the Court analyzed the following factors to determine whether or not to exercise discretionary abstention under 28 U.S.C. § 1334(c)(1). These factors balance the Court's duty of comity to the state courts with the strength and importance of the bankruptcy issues presented by a given case.

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12)

the presence in the proceeding of non-debtor parties.

*Id.* at 876. The Court's consideration of the factors it identified in *Schempp* persuades it that it is appropriate to abstain from consideration of the State Court Cases and that, consequently, it should remand them back to the courts in Adams County and Weld County.

The issues before the state courts are state law issues (factor (2)). The bankruptcy case is fully administered and proceedings in the state courts will have no effect on estate administration (factor (1)). Absent federal bankruptcy jurisdiction under 28 U.S.C. § 1334, there would be no basis to assert any claim of federal jurisdiction over these matters (factor (5)) and, given the absence of any real relationship to his bankruptcy case, there is the real possibility that the removals are an exercise in forum shopping (factor (10)). Analysis of the above factors weighs in favor of abstention and remand of the State Court Cases back to Adams County and to Weld County. The Court finds no factors that weigh in favor retaining these case in this Court.

### B. Allegations of Violations of the Discharge Injunction

▮▮▮▮ The discharge injunction under 11 U.S.C. § 524 enjoins creditors from "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [debt subject to discharge] as a *personal liability of the debtor,* whether or not discharge of such debt is waived...." 11 U.S.C. § 524(a)(2) (emphasis added). The injunction does not impair the Attorneys' ability to foreclose their Judgment Liens against

property of the Debtor. While it certainly does enjoin attempts to collect pre-petition discharged debts as a personal liability of the Debtor, it does not affect a creditor's ability to collect debts that were not discharged in bankruptcy.

The Attorneys' efforts in the state courts involve their efforts to foreclose their Judgment Liens. Those liens have been wholly unaffected by the Debtor's bankruptcy case and the Attorneys are free to take whatever measures are available to them in the state courts to realize on those liens. Those efforts do not run afoul of § 524's prohibition against assessment of personal liability against the Debtor with respect to debts that were discharged in his bankruptcy proceeding.

Additionally, the Attorneys are perfectly free to seek to collect any debt against the Debtor personally if it is a debt that was not discharged in his bankruptcy proceeding.

The Debtor's submissions do not raise concerns for the Court that the Attorneys are seeking to collect discharged debts as personal liabilities of the Debtor for two reasons. The first is the fact that any action the Attorneys take to enforce their Judgment Liens does not offend the discharge injunction because the Judgment Liens were neither discharged nor avoided in the Debtor's bankruptcy case.

▮▮▮▮ The second reason is that the awards of attorney fees to the Attorneys are debts that are not dischargeable debts in any case.[2] The relevant portions of 11 U.S.C. § 523 provide as follows:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title

---

2. To be clear, the documents submitted by the Debtor concerning the Adams County Case clearly show the Attorneys are seeking to realize on their Judgment Liens and the Court has no evidence before it to suggest they are seeking to collect their judgments as personal liabilities of the Debtor.

does not discharge an individual debtor from any debt—

. . .

(5) for a domestic support obligation; [or]

. . .

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit. . . .

11 U.S.C. §§ 523(a)(5) & (a)(15). Taken together, §§ 523(a)(5) & (a)(15) except any obligation "to a spouse, former spouse, or child" of a debtor incurred during a domestic case from a debtor's bankruptcy discharge. It is of no consequence that an attorney fee award is made payable to, and enforceable by, the spouse or child's attorneys. First of all, Colorado law regards such fee awards as support obligations and provides that such awards may be made to the attorney and that they are enforceable in the attorney's name. COLO. REV. STAT. § 14–10–119. *See also In re Marriage of Ikeler,* 161 P.3d 663, 668–669 (Colo.2007) (en banc) ("An award of attorney's fees is based on the same underlying premise as an award of spousal maintenance—to provide the lesser-earning spouse with food, clothing, and shelter."). Regardless of whether or not the attorney fee award is regarded as a domestic support obligation, an award under § 523(a)(15), made payable directly to the attorney is non-dischargeable. *See, e.g., In re Tarone,* 434 B.R. 41, 49 (Bankr.E.D.N.Y.2010) ("Because these debts are payable to [the attorneys] for [the former spouse's] benefit, the requirement of § 523(a)(15) that the debts be owed to a former spouse of the

debtor is satisfied."); *In re Golio,* 393 B.R. 56, 63 (Bankr.E.D.N.Y.2008) ("[A]rgument that the $183,458.55 Judgment for attorneys' fees should not be excepted from discharge simply because the payments should be made payable to the Plaintiff's matrimonial attorneys directly . . . and not the Plaintiff improperly elevates form over substance. It is a 'well-established principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form.'") (quoting *In re Spong,* 661 F.2d 6, 9 (2d Cir. 1981)).

In the case of *In re Miller,* 55 F.3d 1487 (10th Cir.1995), the Tenth Circuit Court of appeals held that fees payable directly to a guardian ad litem and a psychologist were nondischargeable debts under the language of 11 U.S.C. § 523(a)(5) (1995). Prior to the passage of Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, 119 Stat. 23 (Apr. 20, 2005) ("BAPCPA"), § 523(a)(5) provided that a bankruptcy discharge did "not discharge an individual debtor from any debt—to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child. . . ." 11 U.S.C. § 523(a)(5) (1995). The Tenth Circuit adopted the view that "the nature of the debt rather than the identity of the payee," *Miller,* 55 F.3d at 1490, controls in a court's determination of whether or not a debt is dischargeable.

■■ The Debtor cites *In re Brooks,* 371 B.R. 761 (Bankr.N.D.Tex.2007) for a contrary proposition. But the *Miller* decision is binding on this Court; the Texas decision is not. *Miller* was decided pre-BAPCPA but, notwithstanding the changes made in BAPCPA, *Miller's* rationale that the Court must look to the substance of the award and not the form still rings true. Moreover, the precise language analyzed in *Miller*—"any debt—to a

spouse, former spouse, or child of the debtor" is the language that appears in the current version of 11 U.S.C. § 523(a)(15). It would be strange indeed if Congress intended the BAPCPA changes made to the wording of the definition of "domestic support obligation," 11 U.S.C. § 101(14A), upon which the *Brooks* court relied, to make a support obligation more difficult to recover than a non-support obligation that appears in an order of a domestic relations court.

Thus, the Court believes it is immaterial that the payees of the attorney fee awards in this case are the Attorneys and not the Debtor's former spouse. They are obligations of the Debtor that were incurred in the course of his divorce case and, whether classified as support or non-support, they were not discharged in the Debtor's bankruptcy case.

*C. The Attorneys' Request for Rule 9011 Sanctions*

█ Finally, the Court has considered the Attorneys' request that this Court retain jurisdiction for the purpose of considering sanctions under FED. R. BANKR. P. 9011. The decision whether or not to award sanctions under Rule 9011 is a matter that is within the Court's discretion. *Brown v. Eppler,* 725 F.3d 1221, 1228 (10th Cir.2013) ("This court reviews the district court's refusal to impose Rule 11 sanctions for abuse of discretion.") (citing *Griffen v. City of Okla. City,* 3 F.3d 336, 340 (10th Cir.1993)). *See also Vanover v. Cook,* 77 F.Supp.2d 1176, 1178 (D.Kan.1999); *Arbuckle Wilderness, Inc. v. KFOR–TV, Inc.,* 149 F.R.D. 209, 213 (W.D.Okla.1993) *aff'd* 76 F.3d 392 (10th Cir.1996).

█ All of the substantive proceedings necessary to administer the Debtor's bankruptcy case have been concluded. Any retention of jurisdiction in this Court would be for the sole purpose of considering sanctions against the Debtor. It is clear that this case, both in this Court and in the state courts, has been a contentious one. Conducting further proceedings in this Court will only exacerbate those circumstances. The benefit to the courts and to the parties is likely to be far outweighed by the further multiplication of proceedings between these parties. For these reasons and because the real center of gravity of this dispute lies in the state courts, the Court will not schedule further proceedings in order to consider Rule 9011 sanctions. The State Court Cases are to be remanded back to the courts in Adams County and Weld County. The Adams County District Court, in particular, has a long history with the parties in this matter and is in a better position to consider the imposition of any sanctions that it deems to be appropriate.

*III. CONCLUSION*

In accordance with the above discussion, it is

**ORDERED** that the *Motion of Judgment Creditors Richard Daily and Michael Makaroff for Order Remanding to State Court the Various Proceedings Purportedly Removed to this Court, and (b) Abstaining from Exercising Jurisdiction in Connection with Such Removed Proceedings, While (c) Retaining Jurisdiction to Consider the Entry of Entering [sic] Punitive Sanctions Pursuant to Rule 9011, FED. R. BKR. PROC.* (docket # 150) is GRANTED IN PART and DENIED IN PART. It is further

**ORDERED** that Adams County, Colorado, District Court Case No. 08DR864 is hereby REMANDED back to the Adams County, Colorado, District Court. It is further

**ORDERED** that Weld County, Colorado, District Court Case No.2015–CV–182 is

hereby REMANDED back to the Weld County, Colorado, District Court. It is further

**ORDERED** that Richard Daily and Michael Makaroff's request for the Court to retain jurisdiction over these matters in order to consider an award of sanctions under FED. R. BANKR. P. 9011 is DENIED. It is further

**ORDERED** that Debtor's *Ex-parte Motion for Order to Show Cause and in Reply to Creditors Motion of Remand, Regarding Michael V. Makaroff, dba Michael Makaroff, LLC and Richard W. Daily, dba Richard Daily, LLC. Title 11 U.S.C. § 524(a) Sanctions under Title 11 U.S.C. § 105* (docket # 151) is DENIED.