

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2006

# In Re: Stewart

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1788

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Stewart " (2006). *2006 Decisions*. Paper 819.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/819

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-1788

———

IN RE: JOHN D. STEWART;
CATHERINE A. STEWART, Debtors

JOHN D. STEWART;
CATHERINE A. STEWART,

Appellants

v.

CLYDE WALKER, JR.

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-cv-05467)
District Judge: Honorable Joseph E. Irenas

———

Submitted Under Third Circuit LAR 34.1(a)
April 24, 2006

Before: FUENTES, STAPLETON, and ALARCÓN,[*] Circuit Judges.

(Filed:  June 29, 2006)

————————————

[*]The Honorable Arthur L. Alarcón, Senior Judge, United
States Court of Appeals for the Ninth Circuit, sitting by
designation.

OPINION OF THE COURT

FUENTES, <u>Circuit Judge</u>.

Appellants-debtors, John D. Stewart and Catherine A. Stewart ("the Debtors"), appeal an order of the United States District Court for the District of New Jersey affirming an order of the United States Bankruptcy Court for the District of New Jersey granting summary judgment in favor of appellee-plaintiff Clyde Walker, Jr., Esq., based on a determination that the debt owed to Walker by the Debtors was non-dischargeable in bankruptcy. We will affirm the District Court's decision for the reasons stated below.

## I. Background

On November 6, 1998, prior to filing for bankruptcy, the Debtors filed a petition in the Superior Court of New Jersey to adopt Ashley Stewart, the paternal granddaughter of John D. Stewart. The Debtors had been given temporary custody of Ashley in 1996. Pursuant to the adoption proceedings, the Superior Court appointed Walker as guardian ad litem to represent Ashley's best interests. On January 12, 2001, at the conclusion of a trial that lasted over twenty days, the Superior Court entered an order terminating the parental rights of Ashley's biological parents, granting the Debtors' adoption petition, and ordering the Debtors to pay $16,000 in fees to Walker, the guardian ad litem.[1]

_____

[1] The total guardian ad litem fee was $20,000, of which the Debtors were ordered to pay $16,000 and the natural parents were

On March 13, 2001, after the Superior Court granted the Debtors' adoption petition and ordered that they pay the guardian ad litem fee, the Debtors filed a Chapter 7 petition for bankruptcy relief. The Debtors' schedule listed Walker, the guardian ad litem, as a non-priority unsecured creditor. Walker thereafter filed an adversarial complaint against the Debtors in the Bankruptcy Court and moved for summary judgment, arguing that the guardian ad litem fee owed by the Debtors was not dischargeable in bankruptcy. On October 23, 2001, the Bankruptcy Court granted summary judgment in Walker's favor, ruling that the guardian ad litem fee was non-dischargeable under 11 U.S.C. § 523(a)(5). The Debtors appealed to the District Court, which affirmed in an oral ruling. The Debtors filed a notice of appeal to this Court.

While the Debtors' appeal to this Court was pending, a New Jersey appellate court affirmed the Superior Court's termination of Ashley's biological parents' parental rights, but vacated the order of adoption and the allocation and amount of the guardian ad litem fee. On remand, the Superior Court entered a second order of adoption on January 13, 2004. The Superior Court also held a hearing on the calculation of the guardian ad litem fee and, on July 27, 2005, ordered the Debtors to pay a guardian ad litem fee in the amount of $10,000.

We have jurisdiction over this appeal under 28 U.S.C. § 158(d). Whether the guardian ad litem fee is dischargeable under § 523(a)(5) is a question of federal law, which we review de novo. See Mintze v. Am. Fin. Servs., Inc., 434 F.3d 222, 227 (3d Cir. 2006).

---

ordered to pay $4,000.

3

## II. Discussion

The sole issue here is whether a guardian ad litem fee in a contested adoption proceeding is non-dischargeable in bankruptcy under § 523(a)(5) of the Bankruptcy Code. Section 523(a)(5) provides in pertinent part:

> A discharge under . . . this title does not discharge an individual debtor from any debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record.

11 U.S.C. § 523(a)(5). Thus, for a guardian ad litem fee to be non-dischargeable under § 523(a)(5), it must be (1) owed "to a spouse, former spouse, or child of the debtor"; (2) incurred for the "support" of the child; and (3) incurred "in connection with a separation agreement, divorce decree or other order of a court of record."

We conclude that the guardian ad litem fee at issue here is non-dischargeable under § 523(a)(5). First, although the guardian ad litem services were rendered before the Debtors became Ashley's adoptive parents (though while they had court-ordered custody of her), we believe that the fee is owed "to a . . . child of the debtor[s]." The relevant date on which to assess whether Ashley is a "child of the debtor[s]" pursuant to § 523(a)(5) is either the date of the Debtors' bankruptcy filing[2] or the date the Debtors first became liable to pay the fee.

---

[2]Section 727 of the Bankruptcy Code provides that, except with respect to non-dischargeable debts under § 523 (and other exceptions not relevant here), "a discharge . . . discharges the debtor from all debts that arose before the date of the order for relief under this chapter." 11 U.S.C. § 727(b); see also 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.").

Looking to the date of the bankruptcy filing to determine whether a debt is non-dischargeable under § 523(a)(5) is consistent with the purpose of that section, which "favors enforcement of familial support obligations over a 'fresh start' for the debtor." In re Miller, 55 F.3d 1487, 1489 (10th Cir. 1995). However, we need not pick between the two possible dates here because the Debtors were Ashley's adoptive parents on both January 12, 2001 (when the Debtors first became liable for the fee) and March 13, 2001 (when the Debtors filed for bankruptcy). In concluding that Ashley was a "child of the debtor[s]" pursuant to § 523(a)(5), we also reject the Debtors's argument that "Ashley was not their child until the judgment of adoption was entered on January 13, 2004." (Debtors Br. at 18.) Nothing in the record suggests that the Superior Court's January 12, 2001 judgment was stayed, and the Debtors cite no authority for the proposition that the filing of a notice of appeal invalidates a New Jersey judgment.

We further note that "most courts [have] held that the determination [of] whether a particular obligation is owed to a . . . child of a debtor was not dependent on the identity of the payee of the obligation." 4 Collier on Bankruptcy ¶ 523.11[4] 523-84 (rev. 15th ed. 2005). For example, numerous Courts of Appeals have found that the obligation to pay for a child's representation in custody battles is a debt owed "to a . . . child of the debtor" even if the debtor may owe the payment to the lawyer, guardian ad litem, or legal guardian. See In re Chang, 163 F.3d 1138, 1141 (9th Cir. 1998) (finding debt from guardian ad litem fees in custody battle non-dischargeable, noting that "[f]ees paid to third parties on behalf of a child or former spouse can be 'as much for . . . support as payments made directly to [the

5

former spouse or child]") (quoting In re Catlow, 663 F.2d 960, 962-63 (9th Cir. 1981)); In re Miller, 55 F.3d at 1490 (rejecting lower court's "plain language" interpretation of "to a . . . child of the debtor" to find that debt from guardian ad litem fees incurred during divorce and support proceedings was non-dischargeable because "form should not be placed over substance and . . . it is the nature of the debt that controls, not the identity of the payee"); Matter of Dvorak, 986 F.2d 940, 941 (5th Cir. 1993) (finding guardian ad litem fees non-dischargeable because they were fees for "services during the child custody hearing" which was "clearly for [the child's] benefit and support"). Accordingly, we find that the guardian ad litem fee at issue here is owed "to a . . . child of the debtor[s]."

Second, the guardian ad litem rendered its services during a contested adoption proceeding that was held in order to determine whether Ashley's biological parents' parental rights should be terminated and whether the Debtors should be Ashley's adoptive parents. Acting pursuant to New Jersey Court Rule 5:8B(a),[3] the Superior Court appointed a guardian ad litem to represent and protect Ashley's "best interests" throughout the proceedings, which included a trial that lasted over twenty days. As the Superior Court explained:

> [T]he child's best interest requires the protection and independence of a Guardian ad Litem. The parties' positions are polarized. There is tension among counsel. Specifically, the court directs that the Guardian ad Litem act as an independent fact finder, investigator and evaluator as to what furthers the

___

[3]Rule 5:8B(a) states, in pertinent part, that "a guardian ad litem may be appointed by court order to represent the best interests of the child . . . if the circumstances warrant such an appointment. The services rendered by a guardian ad litem shall be to the court on behalf of the child." N.J. Court Rule 5:8B(a).

best interest of the child.

(Debtors Appx. 7.) We therefore find that the guardian ad litem fee was incurred for the "support" of the child under § 523(a)(5). Cf. In re Miller, 55 F.3d at 1490 (guardian ad litem and psychologist fees incurred in divorce and child custody proceedings are in the nature of "support" and are therefore non-dischargeable under § 523(a)(5)); Matter of Dvorak, 986 F.2d at 941 (guardian ad litem fee incurred in post-divorce child custody litigation is in the nature of "support" and is therefore non-dischargeable under § 523(a)(5)).

Third, the guardian ad litem fee here was incurred in connection with the January 12, 2001 order of the Superior Court, which was the "court of record" for the contested adoption proceeding.

Accordingly, the Bankruptcy Court and the District Court correctly determined that the guardian ad litem fee at issue here is non-dischargeable under § 523(a)(5).

### III. Conclusion

For the foregoing reasons, the judgment of the District Court will be affirmed.