**In re Charles KASSICIEH, Debtor.**

**Charles Kassicieh, Plaintiff,**

**v.**

**Eugene F. Battisti, Jr., Defendant.**

**Bankruptcy No. 07–54523.**
**Adversary No. 08–2250.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division,
at Columbus.

March 30, 2012.

See also, 425 B.R. 467.

---

Michael T. Gunner, Hilliard, OH, for Plaintiff.

Judith M. McInturff, Columbus, OH, for Defendant.

## MEMORANDUM OPINION

JOHN E. HOFFMAN, JR., Bankruptcy Judge.

This matter is before the Court following a ruling by the Franklin County, Ohio Court of Common Pleas, Domestic Relations Division ("State Court"), establishing the amount of fees incurred by a guardian ad litem ("GAL") and allocating those fees between the Plaintiff/Debtor, Charles Kas-

sicieh ("Debtor" or "Kassicieh"), and Ann Mascotti ("Mascotti"), the mother of Kassicieh's children. Having reviewed the record of this matter, including this Court's previous memorandum opinion on the legal standards for determining whether fees payable to GALs are covered within the ambit of 11 U.S.C. § 523(a)(5),[1] the Court, for the reasons stated below, finds that the guardian ad litem fees due and owing from Kassicieh to Eugene Battisti ("Battisti") in the amount of $11,943.03 constitute a domestic support obligation under 11 U.S.C. § 101(14A) and are therefore excepted from the Debtor's discharge.

### I. Jurisdiction

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b) and the general order of reference entered in this district. This is a core proceeding. See 28 U.S.C. § 157(b)(2)(I).

### II. Factual Background and Procedural History

The factual background and procedural history of this matter were set forth in some detail in Kassicieh I. To briefly recap, Kassicieh and Mascotti are the parents of two daughters. Prolonged and contentious proceedings between Kassicieh and Mascotti over custody of the children, visitation arrangements and child support obligations took place in State Court over a period of several years. By order dated September 20, 2000, the State Court appointed Battisti as guardian ad litem to represent the interests of the children, and Battisti fulfilled that responsibility. Eventually, Mascotti and Kassicieh each filed for bankruptcy protection.[2] Kassicieh

---

1. See Kassicieh v. Battisti (In re Kassicieh), 425 B.R. 467 (Bankr.S.D.Ohio 2010) ("Kassicieh I ").

2. Kassicieh has filed two Chapter 13 bankruptcy petitions since the outset of his domestic difficulties. The first case (Case No. 05–76505) was filed on October 15, 2005, prior to confirmation of a plan. Within that case,

filed the present complaint seeking a determination that the fees he owes to Battisti are within the scope of his discharge. He asserts that because a debt owing to a guardian ad litem does not constitute a "domestic support obligation" as that term is defined in 11 U.S.C. § 101(14A), the debt should be subject to discharge under 11 U.S.C. §§ 523(a)(5) and 1328(a)(2). Battisti disagrees. The parties attempted to mediate the dispute, but mediation was unsuccessful. Each party then filed briefs on the issue of dischargeability.[3] In their agreed order setting briefing schedule (Doc. 19), the parties stipulated that (1) the State Court order appointing Battisti intended to create a support obligation and (2) according to the weight of applicable caselaw in the Sixth Circuit, the obligation to Battisti has the effect of providing support. *Id.* The only issue remaining is whether a debt for fees owing to a guardian ad litem—rather than to a spouse, former spouse, child, parent or legal guardian of a child, responsible relative or governmental unit—constitutes a domestic support obligation and is thus excepted from discharge.

In *Kassicieh I*, the Court set out three lines of authority that have emerged on the question of whether a debt that is in the nature of support and owed directly to a third party who is not one of the entities identified in § 101(14A) is nondischargeable. Without deciding which line of authority it would follow, the Court held the determination of that question in abeyance pending a decision by the State Court establishing the total dollar amount owing to Battisti, an allocation as to the amount or percentage of the total to be attributed to Mascotti and Kassicieh, and a ruling on whether the liability is joint and several or individual.

On September 18, 2011, the State Court entered a Judgment Entry ordering that the GAL fees be allocated 70% to Kassicieh and 30% to Mascotti. *See* Report to Court, Judgment Entry (Doc. 28). The allocation resulted in an order stating that "[a]fter subtracting the payments made to date by each party to the Guardian ad Litem, the balance still due and owing is $11,943.03 [to] Plaintiff [Kassicieh] and $3,854.36 [to] Defendant [Mascotti]." *Id.* Now that the State Court has made its determination, this Court addresses the issue of whether the amount owing from Kassicieh to Battisti is excepted from Kassicieh's discharge by §§ 523(a)(5) and 1328(a)(2) because it is a domestic support obligation under § 104(14A).[4]

---

Battisti filed a complaint against Kassicieh asserting that GAL fees in the amount of $48,245.85 were nondischargeable. That adversary proceeding was dismissed by stipulation of the parties prior to any determination by the Court.

3. While the briefs are not captioned as motions for summary judgment, each seeks a ruling on the ultimate question of whether the fees at issue are a domestic support obligation as defined by § 101(14A) and thus excepted from discharge under §§ 523(a)(5) and 1328(a)(2) of the Bankruptcy Code. The parties agree that there are no genuine issues of material fact in dispute, and that the only issue to be determined is a question of law. Accordingly, the Court deems the briefs to be

cross-motions for summary judgment under Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)"). Under Federal Rule of Civil Procedure 56, made applicable in this adversary proceeding by Bankruptcy Rule 7056, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

4. According to Battisti's brief, Mascotti has made consistent payments on her portion of the GAL fees. No party raised the issue of dischargeability of the GAL debt in her bankruptcy case. Def. Br. at 2, 8 n.2 (Doc. 22).

## III. Legal Analysis

■ In general, a debtor who has completed all of the payments under his or her Chapter 13 plan is entitled to receive a discharge "of all debts provided for by the plan or disallowed under section 502 of this title." 11 U.S.C. § 1328(a). Pursuant to 11 U.S.C. § 1328(a)(2), however, the debtor does not receive a discharge from certain debts, including those that are "of the kind specified in" § 523(a)(5) of the Code. 11 U.S.C. § 1328(a)(2). The kind of debts specified in § 523(a)(5), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") are those "for a domestic support obligation[.]"

"Domestic support obligation" is defined in § 101(14A) of the Code as follows:

[A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

(A) owed to or recoverable by—

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

(ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

As set forth in *Kassicieh I,* there are three views [5] when it comes to the question of whether a debt in the nature of support that is owing to an entity other than a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, or a governmental unit, is dischargeable in bankruptcy: (1) the plain-meaning approach, requiring that the payee of the debt fall within one of the specifically-named categories; (2) a limited exception to the plain-meaning rule for obligations on which there is joint liability, or for which the nondebtor party would otherwise suffer an adverse impact if the debt were to be discharged; and (3) the view that the nature of the obligation, rather than the identity of the payee, controls.

The "plain-meaning" line of cases, upon which Kassicieh relies in part, holds that because "guardian ad litem" is not included among the list of payees in § 101(14A), then debts owing to a guardian ad litem are not, and cannot be construed as, domestic support obligations under the stat-

---

**5.** Having already set out at some length in *Kassicieh I* the caselaw supporting each point of view, the Court will not repeat the analysis in full here.

ute. While this approach has a certain appeal—its bright-line standard makes for simplicity of application, and there is ample jurisprudence directing courts to apply unambiguous statutes as written [6]—in the area of dischargeability of guardian ad litem fees, it is in the distinct minority and has not been followed by a single circuit court. *See Kassicieh I* at 472–77.

The decision most strongly advocating for the plain-meaning approach is *Levin v. Greco (In re Greco)*, 397 B.R. 102 (Bankr. N.D.Ill.2008). There, the bankruptcy court found that cases in which courts looked to the nature of the debt and ignored the payee were "not well grounded," *id.* at 107, and that the requirement "that an obligation be 'owed to or recoverable by' a specified payee must be honored as a matter of basic statutory construction." *Id.* at 107–08. The court held that a debt owing to a child representative appointed by an Illinois divorce court was dischargeable because the child representative was not one of the eligible payees enumerated in the definition of a domestic support obligation. On appeal, however, the district court reversed, noting that "six circuits have interpreted the domestic support exception to preclude discharge of debts owed to third parties when the bounty of the debt is related to maintenance or

support obligations." *Levin v. Greco*, 415 B.R. 663, 666 (N.D.Ill.2009).[7]

In addition, the plain-meaning approach is inconsistent with the Sixth Circuit's decision in *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103 (6th Cir.1983). In *Calhoun*, the Sixth Circuit held that the debtor's assumption of five joint loan obligations and his agreement to hold his former wife harmless on the debts was in the nature of support or alimony and was nondischargeable. The court held that "payments in the nature of support need not be made directly to the spouse or dependent to be nondischargeable." *Id.* at 1107. Although *"Calhoun* can be read two ways," *Kassicieh I*, at 479, either by looking to the nature of the obligation, or determining the financial impact on the non-debtor party, neither path can be reconciled with a "plain-meaning" reading of the statute. And this Court is bound by *Calhoun*. BAPCPA's amendments to § 523(a)(5) and the addition of § 101(14A) did not legislatively overrule *Calhoun*. *See, e.g., In re Rogowski*, 462 B.R. 435, 444 (Bankr. E.D.N.Y.2011) ("This Court concludes that the Second Circuit would apply the current § 523(a)(5) in the same manner as it did [prior to BAPCPA], would attach no preclusiveness to the named payee in the divorce decree, and would require that the substance of the award should prevail, not

---

6. *See Kassicieh I*, 425 B.R. at 472 n. 3.

7. The six circuit court decisions (from five circuits) cited in *Greco* are *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir.1981) (excepting from discharge debtor's former wife's attorney fees); *Falk & Siemer, LLP v. Maddigan (In re Maddigan)*, 312 F.3d 589 (2d Cir.2002) (excepting fees of counsel who represented mother of debtor's child in custody dispute) (Sotomayor, J.); *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940 (5th Cir.1993) (excepting debtor's former husband's attorney fees and daughter's guardian ad litem fees); *Holliday v. Kline (In re Kline)*, 65 F.3d 749 (8th Cir.1995) (excepting debtor's former wife's attor-

ney fees); *Miller v. Gentry (In re Miller)*, 55 F.3d 1487 (10th Cir.1995) (excepting guardian ad litem and child psychologist fees); *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138 (9th Cir.1998) (excepting guardian ad litem fees). In addition to these decisions, the Third and Fourth Circuits have also excepted guardian ad litem fees from discharge. *See Stewart v. Walker (In re Stewart)*, 190 Fed. Appx. 147 (3d Cir.2006) (excepting guardian ad litem fees incurred in contested adoption) and *Stark v. Bishop (In re Bishop)*, 1998 WL 325950 (4th Cir. June 18, 1998) (unpublished) (excepting fees for attorney ad litem appointed for child in custody dispute).

its form."); *Kelly v. Burnes (In re Burnes)*, 405 B.R. 654, 659 (Bankr. W.D.Mo.2009) ("I see no substantive difference between the 1988 Code's 'to a spouse, former spouse, or child' and BAPCPA's 'owed to or recoverable by . . . a spouse, former spouse, or child.' Consequently I see no basis to conclude that the Eighth Circuit would interpret § 101(14A) differently than it did § 523(a)(5) under the 1988 version of the Code."). Of course, it is possible that the Supreme Court, applying a plain-meaning analysis, might someday hold that a domestic support obligation is nondischargeable only if it is directly payable to one of the entities specified in § 101(14A). But "[s]peculation regarding a future Supreme Court holding is not sufficient to overrule an existing Sixth Circuit precedent." *Ameritrust Co., N.A. v. Calloway*, 1994 WL 399559, at *2 (6th Cir. Aug. 1, 1994) (unpublished).

The second line of cases holds that obligations payable to third parties are nondischargeable only to the extent that the non-debtor is jointly liable for the obligation and therefore would be saddled with the debt, or would otherwise suffer an adverse impact, if the debtor is not required to pay. This line of cases would not support Battisti's position in this case because the State Court's order clearly delineated the responsibility of each party for his or her portion of Battisti's fees and did not impose joint liability.

It is the third line of cases—finding that the nature of the debt rather than the payee is controlling even absent the non-debtor spouse's joint liability—that is followed by the vast majority of courts. *See Kassicieh I*, 425 B.R. at 476–77 ("Most courts interpreting § 101(14A) have not deviated from the rationale expressed in pre-BAPCPA caselaw that, in analyzing the dischargeability of debts payable to a third party, it is the nature of the debt, rather than the identity of the creditor, that controls—even if the debtor and non-debtor party are not jointly liable to the third party for the obligation.").

In fact, since *Kassicieh I* was entered in April 2010, at least seven courts have ruled that fees incurred by guardians ad litem and other child representatives fall within the scope of § 101(14A)'s definition of "domestic support obligation" and are thus excepted from discharge even though the debtors in those cases apparently bore sole liability for the fees at issue. *See Lauderdale v. Papadopoulos (In re Lauderdale)*, 2012 WL 407097, at *1 (5th Cir. Feb. 9, 2012) ("[A]ttorney fees owed to the guardian/attorney ad litem of a child are not dischargeable."); *In re Anderson*, 463 B.R. 871, 876 (Bankr.N.D.Ill.2011) ("[F]ees due to a child representative [are] held to be within the domestic support exception of § 523(a)(5)."); *In re Laskero*, 2011 WL 4828843, at *3 (Bankr.N.D.Ill. Oct. 11, 2011) (upholding post-discharge state court ruling that guardian ad litem fees were not discharged in debtor's bankruptcy case); *Dinicola v. Slimak (In re Dinicola)*, 2011 WL 3759468, at *3 (Bankr.N.D.Ohio Aug. 25, 2011) ("This Court is persuaded by the extensive case law finding guardian *ad litem* fees nondischargeable. The current facts involve a court appointed guardian *ad litem* whose assigned duties were in the nature of support of the debtor's children throughout the debtor's divorce proceedings. Accordingly, the debt owed to the defendant is a 'domestic support obligation' excepted from discharge pursuant to 11 U.S.C. § 523(a)(5)."); *O'Brine v. Gove (In re Gove)*, 2011 WL 111155, at *7–8 (Bankr.D.Mass. Jan. 13, 2011) (finding debt to guardian ad litem to be nondischargeable because debt: (1) was incurred for support of the child; (2) was incurred in connection with an order of a court of record, and (3) had not been assigned to a

non-governmental entity); *Cnty. of La-Crosse v. Stevens (In re Stevens)*, 436 B.R. 107, 109 (Bankr.W.D.Wis.2010) ("The services of a guardian *ad litem* in the primary divorce proceeding, though extending beyond support to custody and visitation, are generally sufficiently connected to the core concern of the Code for protection of family obligations to except a reasonable fee for such services from discharge.... Although [courts in] dicta have speculated that a guardian *ad litem's* fees might be dischargeable if they lacked a logical nexus with the support of the child, that situation must be exceedingly rare. It is not present here." (citations and internal quotation marks omitted)); *Epstein v. Defilippi (In re Defilippi)*, 430 B.R. 1, 3–5 (Bankr.D.Me. 2010) (debt to guardian ad litem incurred by debtors—grandparents named as "*de facto parents*" by the state—was excepted from discharge under § 523(a)(5)).

■ It is nearly universally recognized that when a state domestic relations court appoints a guardian ad litem to protect the interests of a child, the services provided by the guardian ad litem have the effect of providing support. The parents or other parties who created the dispute requiring the appointment of the guardian ad litem must bear the cost of that support. Accordingly, equity requires—and the clear weight of caselaw authority holds—that fees incurred by a guardian ad litem be classified as a support obligation that may not be discharged by the parent or other party responsible for the fees. *Cf. Reissig v. Gruber (In re Gruber)*, 436 B.R. 39, 43 (Bankr.N.D.Ohio 2010) ("[T]he attorney fees were awarded in a proceeding concerning the health and welfare of the Parties' children. As such, it is impractical to sever the award of attorney fees from the needs of the children.")

## IV.  Conclusion

For the foregoing reasons, the Court finds that there is no genuine issue of material fact and that Battisti is entitled to judgment as a matter of law under Bankruptcy Rule 7056. The Court follows the majority view and holds that Kassicieh's debt to Battisti is a domestic support obligation as that term is defined in § 101(14A), and the debt is excepted from discharge pursuant to § 523(a)(5). The Court will enter a separate judgment entry in accordance with this memorandum opinion.

**IT IS SO ORDERED.**