In re Steven D. BOBINSKI, Debtor.

Martha L. Wischmeyer, Plaintiff,

v.

Steven D. Bobinski, Defendant.

Bankruptcy No. 13–23193 JPK.
Adversary No. 13–2221.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

Signed Sept. 9, 2014.

Michael A. Fish, Valparaiso, IN, for Plaintiff.

Joanne Baitup, Law Office of Joanne Baitup, Valparaiso, IN, for Defendant.

*MEMORANDUM OF DECISION AND ORDER DETERMINING ADVERSARY PROCEEDING*

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

This adversary proceeding was initiated by a complaint filed on December 13, 2013, by the plaintiff Martha L. Wischmeyer ["Wischmeyer"] which asserts that the defendant Steven D. Bobinski ["Bobinski"] is liable to her for a "domestic support obligation" as defined by the Bankruptcy Code, and that as a result the obligation alleged to be owed is excepted from discharge.

By its record number 8 order entered on March 20, 2014, the court directed the parties to file a stipulated record concerning the facts and legal issues to be presented in this adversary proceeding. As record entry number 10 filed on April 24, 2014, the parties filed their Joint Stipulation of Facts and Issues. The parties have respectively complied with the court's order concerning the filing of legal memoranda. This adversary proceeding is now submitted to the court for final determination, with the sole and exclusive factual/evidentiary record to be considered by the court to be that stated in the record number 10 filing.

The court has complete Constitutional and statutory authority to determine all issues in this case and to enter a final judgment in the adversary proceeding.

The record submitted to the court by docket entry number 10 is, in full, the following:

1. This matter is before the court to determine whether guardian ad litem fees awarded to plaintiff are dischargeable in accordance with 11 U.S.C. § 523(a)(5), and, specifically, whether, under Indiana law, guardian ad litem fees meet the definition of "domestic support obligation" under 11 U.S.C. § 101(14A).

2. The state court orders for this court's consideration were issued in a case in the Porter Superior Court styled as In Re: the Marriage of Julie R. Bobinski n/k/a Julie R. Thomas and Steven D. Bobinski, Cause Number 64D02–0508–DR–6463.

3. Ms. Wischmeyer was appointed guardian ad litem for Mr. Bobinski's children by agreement of the parties in the "Agreed Order on Guardian as Litem" dated June 6, 2011. A certified copy of that order is attached hereto as "Attachment 1."

4. In its June 6, 2011, order the state court directed both Mr. Bobinski and the children's mother to each pay half of the guardian ad litem's fees.

5. At a hearing on multiple post-dissolution of marriage issues, all of which were related to the parties' minor children, Ms. Wischmeyer tendered exhibits demonstrating that $5,056.29 was due from both mother and father at that time. The hearing was held over three days, from February 4 through February 6, 2013. The parties agree and stipulate Ms. Wischmeyer's exhibit recited what amount was due at the time of the hearing, but it did not include her time for attending that hearing.

6. The trial court's Order of May 23, 2013, reasserts that Mr. Bobinski and his former wife are equally responsible for Ms. Wischmeyer's guardian ad litem fees. A certified copy of that order is attached hereto as "Attachment 2."

7. Ms. Wischmeyer's affidavit is attached hereto as "Attachment 3" and she claims that $5,818.10 is due from Mr. Bobinski at this time.

8. Ms. Wischmeyer has not been removed from the state court case and

remains the appointed guardian ad litem. However, no issues are pending in that case at this time.

The issue is controlled by the definition of "domestic support obligation" stated in 11 U.S.C. § 101(14A), which in its entirety states as follows:

(14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

(A) owed to or recoverable by—

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

(ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

If the obligation asserted by Wischmeyer against Bobinski is a "domestic support obligation", it is excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

On page 4 of her legal memorandum (record number 12), Wischmeyer concedes "that under the Bankruptcy Code's definition, a GAL (guardian ad litem) is not a spouse, former spouse, or a child's parent, legal guardian, or responsible relative". The stipulated record establishes that any liability of Bobinski to Wischmeyer is solely the obligation of Steven D. Bobinski to Wischmeyer and is not within the scope of a debt "recoverable by" a person defined in 11 U.S.C. § 101(14A)(A)(i).

In the court's view, because Wischmeyer is not within the provisions of 11 U.S.C. § 101(14A)(A)(i), that is the end of the case.

Wischmeyer contends that she may be deemed to be a "governmental unit" within the provisions of 11 U.S.C. § 101(14A)(A)(ii). The term "governmental unit" is defined in 11 U.S.C. § 101(27), and that definition in no manner encompasses an individual within its scope. Wischmeyer's contention is essentially that she is an extension of the court by reason of her appointment to represent a minor child in a matter before the court. Many positions are appointed by a court to perform specific functions in matters subject to the court's ultimate decisional authority, among them the following:

(1) The personal representative of a decedent's estate [I.C. 29–1–7–13(b) ];

(2) A replacement trustee in an assignment for the benefit of creditors [I.C. 32–18–1–1(c) ];

(3) A receiver [I.C. 32–30–5–1];

(4) A Chapter 11 trustee or examiner [I.C. 11 U.S.C. § 1104(a) ].

None of the foregoing can in any manner be deemed to be a "governmental unit", and obviously the designation of "governmental unit" has nothing whatever to do with an appointment by a court to perform a specific task authorized by a statute. The intent of 11 U.S.C. § 101(14A)(A)(ii) is to include governmentally underwritten programs, such as the IV–D program, as a party within the scope of one to whom a "domestic support obligation" may be owed. Wischmeyer is not a "governmental unit".

Wischmeyer advances a policy argument that the court's determination that a guardian ad litem representing a child with respect to a child support matter is not within the provisions of 11 U.S.C. § 523(a)(5) will have a chilling effect on attorneys' willingness to accept guardian ad litem appointments. First, this is the *only* case in which the court has been involved in over 11 years as a judicial officer in which a guardian ad litem asserted that an obligation was subject to 11 U.S.C. § 523(a)(5). More importantly, determining that the obligation owed by Bobinski to Wischmeyer is not excepted from discharge will place Wischmeyer, as an attorney, in the same position as is any attorney performing services for an individual or other entity who/which then files bankruptcy and discharges an obligation for attorney's fees. A parade of horribles policy argument is not a reason to construe a statute in a manner contrary to its express terms.

A highly instructive case—not binding on this court—with respect to the issue before the court is *In Re Kassicieh*, 425 B.R. 467 (Bkrtcy.S.D.Ohio, 2010). That case contains an excellent overview of the three lines of authority which have developed over the years which either limit, or expand, the concept of a "domestic support obligation" as that term is now defined, addressed as follows:

A review of both pre-and post-BAPCPA case law interpreting former and current § 523(a)(5) reveals that three lines of authority have emerged on the question of whether a debt that is in the nature of support and owed directly to a third party not listed among the entities identified in § 101(14A) (or former § 523(a)(5)) is excepted from discharge. These three lines are: (1) the "plain-meaning" approach, holding that the dischargeability of the debt turns on whether it is owed to a person/entity described in § 523(a)(5) (pre-BAPCPA) or payable to or recoverable by a person/entity described in § 101(14A) (post-BAPCPA); (2) the view that, if a debt is in the nature of support, it is nondischargeable even if payable directly to a third party and even if the debtor's spouse, former spouse or parent of his/her child would not be financially harmed if the debtor discharged the obligation; and (3) a more limited approach that requires some ongoing liability of the debtor's spouse, former spouse, or parent of the debtor's child on the support obligation owing to a third party (so that its non-payment might have a financial impact on those parties) before it may be excepted from discharge.

*Ibid.* at 472.

A discussion of the three lines of authority is stated in *In Re Kassicieh*, 425 B.R. 467, 472–481. This court is included within the group of courts which strictly adheres to the plain meaning of the Bankruptcy Code, and thus follows the directives of the United States Supreme Court, as stated in *In Re Kassicieh, supra*, footnote 3 at 472:

The Supreme Court has directed lower courts to apply the plain meaning when interpreting the Bankruptcy Code. *See, e.g., Hartford Underwriters Ins. Co. v.*

*Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) ("[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." (internal quotation marks omitted)); *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." (citations and internal quotation marks omitted)). *See also Chase Manhattan Mortgage Corp. v. Shapiro (In re Lee)*, 530 F.3d 458, 470 (6th Cir.2008) ("The common theme in the Supreme Court's bankruptcy jurisprudence over the past two decades is that courts must apply the plain meaning of the Code unless its literal application would produce a result demonstrably at odds with the intent of Congress." (citing additional cases)); *Brilliance Audio, Inc. v. Haights Cross Commc'ns, Inc.*, 474 F.3d 365, 371 (6th Cir.2007) ("As with any question of statutory interpretation, we must first look to the language of the statute itself. If the language of the statute is clear, then the inquiry is complete, and the court should look no further." (citations omitted)).

In accord with the foregoing statement, in this court's view there is no ambiguity whatsoever in 11 U.S.C. § 101(14A)(A)(i), and extension of the coverage of that provision beyond its express terms is forbidden by applicable law of the United States Supreme Court.[1]

Since the implementation of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the court has consistently adopted a strict construction approach in multiple situations in which attorneys have been involved in support-related matters and have asserted that obligations owed to them as a result of that involvement are excepted from discharge under 11 U.S.C. § 523(a)(5). The court has consistently construed 11 U.S.C. § 101(14A)(A)(i) to mean exactly what it says and has declined to depart from the express terms of the statute. This case is no different. A case essentially parallel to this one was decided by the Honorable Eugene R. Wedoff, Judge of the United States Bankruptcy Court for the Northern District of Illinois in *In Re Greco*, 397 B.R. 102 (Bkrtcy.N.D.Ill.2008), and this court entirely endorses Judge Wedoff's analysis of persons within the scope of 11 U.S.C. § 101(14A)(A). Although the United States District Court for the Northern District of Illinois reversed Judge Wedoff's decision, that reversal has no impact on this court: Judge Wedoff got it right.

Based upon the foregoing, the court determines that Martha L. Wischmeyer is not within the scope of persons/entities defined by 11 U.S.C. § 101(14A)(A): Wischmeyer is *not* the child, but rather is the legal representative/attorney *for* the child The court further determines that the obligation owed by Bobinski to Wischmeyer is not within the scope of obligations defined by 11 U.S.C. § 101(14A)(B): it is not an obligation "in the nature of alimony, maintenance or support", but rather it is simply a fee for legal services to compensate Wis-

---

1. The court is aware that the Honorable Judge John E. Hoffman, Jr., adopted a position contrary to the strict construction line of authority in *In Re Kassicieh,* 467 B.R. 445 (Bkrtcy.S.D.Ohio, 2012). The court does not agree with this ultimate determination.

chmeyer for her legal services in a court proceeding.

IT IS ORDERED, ADJUDGED AND DECREED that any obligation owed by Steven D. Bobinski to Martha L. Wischmeyer which is the subject of this adversary proceeding is not a "domestic support obligation" within the provisions of 11 U.S.C. § 101(14A).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any obligation owed by Steven D. Bobinski to Martha L. Wischmeyer which is the subject of this adversary proceeding is *not* excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).